OPINION OF THE COURT
 

 Wesley, J.
 

 This case requires us to determine whether defendant abandoned his right to appeal when he failed to perfect his appeal for more than 14 years. He did.
 

 This case has a long and tortured past. Defendant was convicted of rape and sodomy in the first degree and adjudicated a persistent felony offender. After sentencing, defendant was advised of his right to appeal, including written notice that instructed how to proceed on appeal as a poor person. With the aid of counsel, defendant filed a timely notice of appeal from
 
 *25
 
 the conviction. Defendant also moved pro se in the trial court for an order granting him copies of the pretrial and posttrial transcripts, indicating he intended to use the minutes in applications to state and federal appellate courts.
 
 [1]
 
 Defendant also alleged he was indigent and submitted an affidavit indicating as much.
 

 Thereafter, defendant filed two consecutive pro se petitions in the United States District Court for the Southern District of New York for habeas corpus relief. In each he indicated he had not yet taken a state appeal from the conviction. Each was dismissed without prejudice. Defendant filed a third petition. The District Court dismissed it sua sponte on the ground that defendant had failed to exhaust his state remedies, one of many indications to defendant that he needed to pursue his claims through the state appellate process. Defendant appealed this determination to the United States Court of Appeals for the Second Circuit. In March 1989, the Clerk of the court asked the People for a copy of the state court appellate briefs and transcripts in order to discern whether defendant met the exhaustion requirement of 28 USC § 2254 (b). The People advised the court that defendant had not perfected his appeal and therefore no briefs or minutes had been prepared. The People further noted that under New York practice, an indigent appellant must make an application to the Appellate Division for the record to be prepared and that defendant had neither arranged for preparation of those minutes nor moved for leave to prosecute his appeal as a poor person. A copy of this letter was provided to defendant. The Second Circuit then summarily dismissed defendant’s appeal and the United States Supreme Court subsequently denied defendant’s application for a writ of certiorari
 
 (see West v Morgenthau,
 
 495 US 938 [1990]).
 
 [2]
 

 In 1998, 14 years after sentence was pronounced, defendant finally sought permission from the Appellate Division to prosecute his appeal as a poor person. The People opposed the mo
 
 *26
 
 tion and cross-moved for dismissal on the basis of laches. The First Department granted the People’s motion and dismissed the appeal. In June 1999, defendant’s application for leave to appeal to this Court was denied (93 NY2d 981 [1999]).
 

 Defendant returned to federal court to seek habeas relief claiming he had been denied due process by the summary dismissal of his appeal and the denial of his poor person application. Noting the Appellate Division had no per se rule requiring dismissal of appeals for failure to prosecute, the District Court granted the petition unless the appeal was reinstated and counsel appointed for the purpose of requesting an extension of time to perfect the appeal. The court emphasized its disposition did not require the Appellate Division to entertain the appeal on the merits
 
 (see West v Breslin,
 
 2001 WL 856604, 2001 US Dist LEXIS 10682 [2001]).
 

 The case was restored to the Appellate Division calendar and counsel appointed. Defendant filed an application for poor person relief which the People opposed, again cross-moving for dismissal on the basis of laches. The Appellate Division dismissed the appeal, concluding defendant’s 14-year delay and corresponding conduct demonstrated abandonment of his appeal.
 
 [3]
 
 We now affirm.
 

 The right to appeal is a statutory right that must be affirmatively exercised and timely asserted
 
 (see United States v Wenger,
 
 58 F3d 280, 282 [7th Cir 1995],
 
 cert denied
 
 516 US 936 [1995]). Consequently, a defendant who is properly informed of his appellate rights may not let the matter rest and then claim he did not waive the right to appeal
 
 (see Norris v Wainwright,
 
 588 F2d 130, 137 [5th Cir 1979],
 
 cert denied
 
 444 US 846 [1979]). To that end, the Appellate Divisions in 1964 promulgated rules that require assigned or retained counsel “immediately after the pronouncement of sentence” to advise a defendant in writing of the right to appeal and the time limitations involved
 
 (see
 
 22 NYCRR 606.5 [b]; 671.3, 821.2 [a]; 1022.11 [a]). Additionally, a defendant must be informed of the manner for instituting an appeal and obtaining a transcript of the trial, and be advised of the right to seek leave for appointment of counsel and to proceed with the appeal as a poor person. Lastly, the rules of the Appellate Division, First Department, provide that appeals in criminal cases “must be brought on for argument within 120 days after the last day in
 
 *27
 
 which a notice of appeal was required to be filed, unless the time to perfect the appeal is enlarged by the court or a justice thereof’ (22 NYCRR 600.8 [b]).
 

 Defendant does not dispute he was advised in writing at the time of sentencing of his right to appeal. He claims, however, he was not advised of his right to seek poor person relief and therefore, the 14-year delay in perfecting his appeal should not be counted against him. Such a claim is belied by the notice defendant received:
 

 “If you are without funds, after the notice of appeal has been filed, you must write to the Appellate Division requesting that counsel be assigned to you for the purpose of appeal. Send this letter to the Appellate Division, First Department, 27 Madison Avenue, New York, New York 10010. * * * [R]equest that you be granted permission to appeal upon the original record. You should mention you are without funds with which to retain counsel or to purchase a transcript of the proceedings. State fully your financial circumstances, explaining why you cannot afford to hire an attorney for an appeal or purchase a transcript of the proceedings. You must write this letter yourself.”
 

 Clearly, defendant was informed of his right to appeal and more specifically, how to apply for poor person relief.
 

 We would be hard pressed to conclude the Appellate Division abused its discretion when it denied defendant’s request for an extension of time in order to perfect his appeal in light of the obvious abandonment of his state appeal. While doing nothing in state court to pursue his appeal, defendant repeatedly attempted to bypass the state appellate process by filing petitions seeking federal habeas corpus relief. Additionally, he failed to pursue his appeal in state court despite rulings by the federal courts directing him to do so. Moreover, the Assistant District Attorney assigned to defendant’s case, in response to a request by the Second Circuit for state court briefs and transcripts, specifically indicated defendant had not perfected his appeal and delineated what was required of defendant to perfect his appeal.
 
 [4]
 
 A copy of this letter was provided to defendant in 1989 — nine years before defendant filed his poor person
 
 *28
 
 application in the Appellate Division. While defendant was adequately informed of his right to appeal, he failed to perfect it in a timely manner and therefore abandoned any right to an appeal he may have had.
 
 [5]
 

 Defendant contends for the first time on appeal that an application for poor person relief is a critical stage of the proceeding to which his Sixth Amendment and due process rights to counsel attach.
 
 [6]
 
 Thus, defendant claims counsel should have been appointed for him to assist in the preparation of his poor person application.
 

 The Sixth Amendment does not encompass the right to appeal or the right to counsel in appellate proceedings. Nor does due process guarantee the right to an appeal
 
 (see Martinez v Court of Appeal,
 
 528 US 152, 159-161 [2000]). However, when a state grants a defendant a statutory right of appeal, due process compels states to make certain that criminal defendants receive the careful advocacy needed “to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over”
 
 (Penson v Ohio,
 
 488 US 75, 85 [1988];
 
 see also People v O'Bryan,
 
 26 NY2d 95 [1970];
 
 People v Montgomery,
 
 24 NY2d 130 [1969]). Thus, a state’s processes must provide the criminal appellant with the minimal safeguards necessary to make an adequate and effective appeal
 
 (see Smith v Robbins,
 
 528 US 259 [2000]).
 

 Here, defendant was provided the process he was due. He was given clear instructions on how to apply for poor person relief and ample notice of his right to appeal. Requiring a defendant to apply for legal representation and providing instructions on how to do so ameliorates any concern he will be denied entry to the court system because of indigency
 
 (see Miller v Smith,
 
 115 F3d 1136 [4th Cir 1997],
 
 cert denied sub nom. Miller v Corcoran,
 
 522 US 884 [1997]).
 
 [7]
 
 Additionally, the concerns underlying a due process right to counsel on direct appeal are not present in the mechanism by which an indigent defendant
 
 *29
 
 seeks poor person relief. An appellant need only advise the appellate court of income, its source(s), and a list of property owned and its value. This personal information is uniquely available to the appellant — the assistance of counsel is not necessary to uncover or develop it.
 
 [8]
 
 Consequently, the need for careful advocacy to ensure substantial legal and factual arguments are not passed over is not implicated.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Rosenblatt, Graffeo and Read concur.
 

 Order affirmed.
 

 [1]
 

 . Defendant alleges this motion was for appellate poor person relief and he was never informed it was erroneously directed to Supreme Court. However, the motion did not seek appointment of counsel to pursue postjudgment remedies in state court, and the Trial Judge ordered that defendant be given the relief he requested. Defendant’s position in the application and his subsequent actions are consistent with a conclusion he sought the minutes for use in his pro se federal habeas corpus petitions and not that he was attempting to perfect his appeal in state court.
 

 [2]
 

 . Defendant filed a fourth petition seeking habeas corpus relief, which the District Court again denied because defendant had still not exhausted his state remedies.
 

 [3]
 

 . Although defendant moved for, and was granted, reargument, the First Department adhered to its prior ruling.
 

 [4]
 

 . The letter stated, defendant “has yet to perfect a state appeal from his conviction. * * * Under New York state practice, it is the appellant who is responsible for preparing the record on state appeal. When the appellant is
 
 *28
 
 indigent, the appellant makes an application to the intermediate appellate court for the record to be prepared on his or her behalf. So far as we are aware, [defendant] has yet to seek poor person’s relief in the state court for purposes of perfecting an appeal.”
 

 [5]
 

 . While the Appellate Divisions may extend the time to appeal, the deadlines foster appeals by insuring the availability of the trial record and persons knowledgeable with the case for appeal or any retrial if necessary.
 

 [6]
 

 . Defendant also raises a state constitutional challenge, but advances no meaningful distinction between the state and federal claims.
 

 [7]
 

 . To the extent defendant makes an equal protection claim in his brief to the Court, it is unavailing.
 

 [8]
 

 . In fact, defendant provided this precise information when he sought leave to prosecute his appeal from a 1976 conviction for first-degree burglary, sodomy and attempted rape as a poor person. He also filed the same information with Supreme Court in 1985 when he sought poor person relief with regard to transcription of pretrial and posttrial proceedings in this case.