■ The People of the State of New York, Respondent, v Steven D. Fannell, Appellant. [892 NYS2d 237]—

Spain, J.

In 1998, upon his guilty plea and appeal waiver, defendant was convicted of grand larceny in the fourth degree and offering a false instrument for filing in the first degree. The plea agreement provided for a sentence of five years of probation and restitution, in an amount to be determined. In his plea, defendant admitted to double billing and falsely billing for hourly work he claimed to have performed for two programs that provide services to the Sullivan County Department of Social Services; upon discovering defendant's false submissions, the Department completely disclaimed all of the hours defendant billed to these two programs (102 hours each) and recouped all the moneys it had paid the programs, each of which had paid defendant in full for the same 102 hours of work. Following a hearing, defendant was ordered to pay restitution to the programs in the total amount of $3,927 and sentenced, as agreed, to five years of probation. Defendant appeals.

"The right to appeal is a statutory right that must be affirmatively exercised and timely asserted" (*People v West*, 100 NY2d 23, 26 [2003], *cert denied* 540 US 1019 [2003]). We find that defendant's almost 11-year delay in perfecting his appeal—during which restitution has long since been paid in full and his probationary sentence fulfilled—constituted an abandonment of his right to appeal (*see id.* at 24). While defendant filed a notice of appeal in 1998, he took no action whatsoever until 2005, when he moved in this Court for poor person relief and assignment of counsel, which the People opposed; this Court denied that application. When defendant again moved for that identical relief in February 2009, the People filed no opposition nor did defendant disclose his prior application or offer any explanation for the egregious delay, and the application was granted. We find that defendant—who was not incarcerated—was well aware of his appellate rights, which he woefully failed to diligently pursue and, thus, he abandoned those rights (*see People v West*, 100 NY2d at 26-29). Although the People never moved to dismiss based on defendant's failure to prosecute his appeal (*see* 22 NYCRR 800.9 [d]), defendant allowed the appeal to languish and has never explained the almost 11-year delay. Accordingly, the appeal should be dismissed.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed.