08-0274-pr
West v. Breslin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
          PETER W. HALL,
          RAYMOND J. LOHIER, Jr.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

OLIVER GIOLA WEST, JR.,

          Petitioner-Appellant,

          -v.-                                    08-0274-pr

SUPERINTENDENT DENNIS BRESLIN,

          Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        Jan Hoth
                      (Robert S. Dean, *on brief*)
                      Center for Appellate Litigation
                      New York, NY

1

**FOR APPELLEE:**      Mark Dwyer
                      Malancha Chanda
                      (Robert M. Morgenthau, *on brief*)
                      District Attorney Office, New York County
                      New York, NY

Appeal from the denial of an application for a writ of habeas corpus by the United States District Court for the Southern District of New York (Castel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREE** that the district court's denial of Appellant's application for a writ of habeas corpus is **AFFIRMED.**

Appellant Oliver West, Jr. was convicted by a New York state court jury of Rape in the First Degree and Sodomy in the First Degree. He was sentenced as a "persistent felony offender" under Section 70.10 of New York Penal Law to two concurrent terms of fifteen years to life in prison. West appeals the denial of his application for a writ of habeas corpus, arguing that New York's persistent felony offender statute violates his constitutional due process and jury rights. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> a district court's denial of a habeas petition. <u>Rosario v. Ercole</u>, 601 F.3d 118, 123 (2d Cir. 2010). We may grant a writ of habeas corpus on a claim that has been previously adjudicated on the merits by a state court only if the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); <u>Jones v. West</u>, 555 F.3d 90, 96 (2d Cir. 2009).

West's sole argument on appeal is that New York's persistent felony offender statute, N.Y. Penal Law § 70.10, violates clearly established federal law by infringing on his constitutional due process and jury rights as outlined by the U.S. Supreme Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Ring v. Arizona</u>, 536 U.S. 584 (2002),

Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and Cunningham v. California, 549 U.S. 270 (2007). In Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010) (in banc), we held that New York's persistent felony offender statute did not violate clearly established federal law as determined by the U.S. Supreme Court. Specifically, we held that New York's persistent felony offender statute was consistent with the U.S. Supreme Court's holdings in Apprendi, Ring, Blakely, Booker, and Cunningham. Id. at 93-94. Therefore, West's petition is without merit.

We hereby **AFFIRM** the district court's denial of West's application for a writ of habeas corpus.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK