■ The People of the State of New York, Respondent, v Ivan Calaff, Appellant. [959 NYS2d 427]—

Appeal from judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered March 24, 1993, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 3 to 6 years, unanimously dismissed.

We exercise our discretionary authority, after considering the relevant factors (*see People v Taveras*, 10 NY3d 227, 233 [2008]), to dismiss this 19-year-old appeal on the ground of "failure of timely prosecution or perfection" (CPL 470.60 [1]). "The right to appeal is a statutory right that must be affirmatively exercised and timely asserted" (*People v West*, 100 NY2d 23, 26 [2003], *cert denied* 540 US 1019 [2003]).

Defendant filed a timely notice of appeal in 1993. The sentencing minutes establish that defendant was advised of the simple procedural steps to be taken by defendant, personally, to obtain poor person relief and assigned appellate counsel (*see id.* at 26-29). However, defendant did not make the necessary request until 2012.

The People moved to dismiss this appeal for failure to prosecute, and this Court denied the motion with leave to the People to raise this issue in their respondent's brief (2012 NY Slip Op 80175[U] [2012]). In his submissions on the motion, and on this appeal, defendant has attempted to explain his failure to follow the instructions he received at sentencing. His explanation is refuted by the sentencing minutes and otherwise without merit. Concur—Andrias, J.P., Renwick, Freedman and Gische, JJ.