**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN CHARLES DUBRIN, *Petitioner-Appellant*, v. PEOPLE OF THE STATE OF CALIFORNIA, *Respondent-Appellee*. | No. 10-56548 <br><br> D.C. No. 2:10-cv-01032-CJC-JC <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
March 8, 2013—Pasadena, California

Filed June 20, 2013

Before: Richard A. Paez and Paul J. Watford, Circuit
Judges, and Suzanne B. Conlon, District Judge.[*]

Opinion by Judge Watford

---

[*] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition challenging the use of one of the prior convictions to enhance petitioner's sentence under the Three Strikes Law.

In 2000, petitioner pleaded no contest to making criminal threats, after both the prosecutor and judge incorrectly advised him that the conviction would not count as a strike. When petitioner learned that his prior conviction would count as a strike, he filed pro se habeas petitions in the state trial, appellate, and supreme courts and was denied relief because the state courts incorrectly determined that he was no longer "in custody." However, he was still on parole and was in fact "in custody" for purposes of his habeas petitions. In 2008, petitioner was convicted of several felonies that counted as a third strike and he was sentenced accordingly. After a subsequent round of state habeas petitions challenging the 2000 conviction was denied, he filed a pro se federal habeas petition.

The panel held that, although petitioner has fully served the sentence for the 2000 conviction, he is "in custody" for the 2008 sentence for purposes of habeas review. The panel held that when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained. The panel remanded with instructions for the district court to appoint counsel if requested.

## COUNSEL

Brian Charles Dubrin, pro se, Corcoran, California, for Petitioner-Appellant.

David A. Wildman, Deputy Attorney General, Los Angeles, California, for Respondent-Appellee.

## OPINION

WATFORD, Circuit Judge:

The petitioner in this case, Brian Charles Dubrin, is serving a sentence of 25 years to life under California's three-strikes law. He petitioned for a writ of habeas corpus on the ground that one of the prior convictions used to enhance his sentence was obtained in violation of his constitutional rights.

The facts related to that prior conviction are the following. In 2000, Dubrin pleaded no contest to making criminal threats in violation of California Penal Code § 422. Before Dubrin entered his plea, his lawyer asked the prosecutor to confirm that this conviction would not count as a "strike" under California's three-strikes law. Some uncertainty surrounded the question because, at the time Dubrin committed the offense, making criminal threats did

not qualify as a strike. The day before Dubrin's change-of-plea hearing, however, California voters had approved Proposition 21, an initiative statute that designated additional crimes as strikes. Whether Dubrin's criminal threats conviction would count as a strike was an important consideration for him, as he had already suffered one strike for an assault conviction in 1997.

At Dubrin's change-of-plea hearing, the prosecutor stated that he had "checked with [his] appellate department" and confirmed that Dubrin's criminal threats conviction would *not* count as a strike. Summing up the parties' mutual understanding, the prosecutor stated, "so we're going under the assumption in this plea that this 422 itself is not a strike." The judge who accepted Dubrin's plea agreed: "That would have been my reading of the initiative, that it's not [applicable]." Even if it were applicable, the judge noted, there would likely be "issues of retroactivity" anyway.

As it turned out, both the prosecutor and the judge were wrong. Proposition 21 added § 422 to the list of crimes that count as strikes, and there were no "issues of retroactivity" in applying Proposition 21 to Dubrin. *See People v. Ringo*, 134 Cal. App. 4th 870, 884 (2005); *People v. James*, 91 Cal. App. 4th 1147, 1150–51 (2001). In 2004 and 2005, after learning that his 2000 conviction would count as a strike, Dubrin filed pro se habeas petitions in the state trial court, the California Court of Appeal, and the California Supreme Court. The appellate courts summarily denied relief, without reaching the merits of Dubrin's claims, on the ground that he was not "in custody," a prerequisite for obtaining habeas review. *In re Azurin*, 87 Cal. App. 4th 20, 26 (2001).

The state appellate courts, too, were wrong. By 2005, Dubrin had been released from prison, but he was still on parole for his criminal threats conviction and remained so until 2007. Thus, for purposes of obtaining habeas relief, he remained "in custody" and his claims should not have been rejected on this threshold ground. *See id.* at 23; *accord Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (parolee is in custody for purposes of federal habeas review). As a pro se litigant who was no longer incarcerated, Dubrin understandably assumed the state appellate courts were right when they told him he was not "in custody." And, having been advised by the state courts that he was no longer eligible for habeas relief, Dubrin did not pursue habeas relief in federal court.

That brings us to the present case. In 2008, a jury convicted Dubrin of several felonies that counted as a third strike (the other two strikes were his 1997 assault conviction and the 2000 criminal threats conviction at issue here). Dubrin argued that his 2000 conviction was invalid and could not be counted as a strike, but the trial court rejected that argument and sentenced Dubrin as a three-strikes offender. The state Court of Appeal affirmed that ruling on direct appeal, holding that, even though Dubrin had been misadvised about the effect of his 2000 conviction, he had not shown prejudice. While pursuing his direct appeal, Dubrin filed another round of state habeas petitions challenging the legality of his 2000 conviction, but those petitions were also summarily denied.

In 2010, Dubrin filed the pro se federal habeas petition that is now before us. In it, he challenges the constitutional validity of his 2000 criminal threats conviction, which was an essential pillar of the three-strikes sentence he received in

2008. Dubrin has fully served the sentence he received for the 2000 conviction, so he is no longer "in custody" on that conviction. But he is "in custody" under the 2008 sentence, the constitutionality of which the district court may review under 28 U.S.C. § 2254(a). *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). That remains true even though Dubrin erroneously listed his 2000 conviction on the court-provided form as the "[c]onviction on which the petition is based." "[C]onstrued with the deference to which *pro se* litigants are entitled," his petition can be read as challenging the 2008 three-strikes sentence, "as enhanced by the allegedly invalid prior conviction." *Maleng v. Cook*, 490 U.S. 488, 493 (1989) (per curiam).

Whether the federal courts should entertain Dubrin's challenge to the constitutional validity of his 2000 conviction, presented in a petition attacking the 2008 sentence he is currently serving, requires further discussion.

Congress has granted federal courts broad authority over habeas petitions filed by state prisoners who claim to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 excludes from this broad grant of jurisdiction only one category of claims—those for ineffective assistance of post-conviction counsel. § 2254(i). The Supreme Court has nonetheless held that, for prudential reasons, federal courts should not entertain certain other categories of constitutional claims, notwithstanding the courts' jurisdiction to hear them. In *Lackawanna County*, the Supreme Court designated one such category of claims. There the Court held that when an "expired" prior conviction (one for which the sentence has been fully served) is later used to enhance a criminal sentence, a state prisoner "generally may not challenge the

enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." 532 U.S. at 403–04.

The Supreme Court identified two prudential considerations justifying this general rule: "the need for finality of convictions and ease of administration." *Id.* at 402. With respect to the first consideration, the Court stressed that a state-court judgment of conviction "is subject to review in multiple forums," including direct appeal, state post-conviction review, and federal habeas review, and noted that these vehicles for review cannot remain available "indefinitely and without limitation." *Id.* at 402–03 (internal quotation marks omitted). With respect to the second consideration, the Court observed that federal habeas review of expired prior convictions would often prove cumbersome; with the passage of time "the likelihood that trial records will be retained by the local courts and will be accessible for review diminishes substantially." *Id*. at 403. At bottom, the Court concluded that when state courts have already reviewed and upheld a prior conviction (or the defendant chooses to forgo such review), the value of affording an additional layer of federal habeas review is generally too minimal to justify the significant costs that would be incurred. *Cf. Stone v. Powell*, 428 U.S. 465, 493 (1976).

The balance might be struck differently, however, when a defendant, despite exercising reasonable diligence, did not receive a full and fair opportunity to obtain state-court review of his prior conviction. In *Lackawanna County*, a three-Justice plurality suggested that federal habeas review of an expired prior conviction might be warranted when the defendant cannot be "faulted for failing to obtain timely review of a constitutional claim." 532 U.S. at 405 (plurality

opinion).  The plurality gave as an example the scenario in which a state court, "without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it." *Id.*  Whether this exception to *Lackawanna County*'s general rule should be recognized remains an open question in this and most other circuits.  The Tenth Circuit—the only circuit to our knowledge that has addressed the question—has recognized the exception as "good law" in that jurisdiction. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

We believe sound reasons support permitting § 2254 review in the circumstances described by the plurality in *Lackawanna County*.  When those circumstances exist, the prudential considerations that justify the general rule established in *Lackawanna County* carry little or no weight.

The "first and most compelling" of those prudential considerations—the interest in the finality of convictions—is certainly compelling in the ordinary case, where the State has afforded the defendant "both direct appeal and state postconviction review" to correct any constitutional errors. *Lackawanna Cnty.*, 532 U.S. at 402.  In that scenario, once a prior conviction is no longer subject to direct or collateral attack and has become final, "the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment."  *Id.* at 403.  In our view, that interest is significantly weakened when the State's courts, "without justification, refuse to rule on a constitutional claim that has been properly presented" to them.  *Id.* at 405 (plurality opinion).  And the experience drawn from other contexts suggests that the general interest in protecting the finality of judgments will not be undermined by recognizing an exception for circumstances in which a party was denied a full and fair opportunity to litigate in a prior forum.  *See*

*Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480–81 & n.22 (1982) (claim preclusion); *Allen v. McCurry*, 449 U.S. 90, 95 (1980) (issue preclusion).

Nor will the second prudential consideration supporting the general rule—the "ease of administration of challenges to expired state convictions," *Lackawanna Cnty.*, 532 U.S. at 403—be significantly undermined by the exception we recognize here. The difficulties federal habeas courts would frequently face in reviewing the constitutional validity of expired prior convictions justify denying § 2254 review as a general rule, particularly when such convictions have already been subjected to multiple layers of state-court review. *See id.* But we are confident that cases in which state courts refuse to afford review of constitutional claims "without justification" will arise rarely enough that no serious administrative burdens will be imposed on the federal habeas system. That has been the experience under the rule established in *Stone v. Powell*, where the Supreme Court, for similar prudential reasons, barred federal habeas review of most Fourth Amendment claims "absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." 428 U.S. at 494 n.37. The Court's preservation of federal habeas review when state prisoners have been denied a full and fair opportunity to litigate in state court has not led to a flood of Fourth Amendment claims in § 2254 proceedings. We see no reason to expect a different result with respect to claims alleging that an unconstitutionally obtained prior conviction has been used to enhance a sentence the petitioner is currently serving.

Our decision is consistent with the overarching equitable principles on which the writ of habeas corpus is grounded.

Congress directed federal courts to dispose of habeas petitions "as law and justice require," 28 U.S.C. § 2243, which the Supreme Court has interpreted as "an authorization to adjust the scope of the writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The Court exercised that authority in *Lackawanna County* by restricting the scope of the writ when strong prudential considerations justified doing so. But when those considerations are absent, or at best present only in greatly weakened form, we do not think it would serve the interests of law and justice to deprive a state prisoner of what "may effectively be the first and only forum available for review of the prior conviction." *Lackawanna Cnty.*, 532 U.S. at 406 (plurality opinion); *see also Lonchar v. Thomas*, 517 U.S. 314, 324 (1996). We therefore hold that when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Under this exception to *Lackawanna County*'s general rule, Dubrin may challenge the constitutional validity of his 2000 criminal threats conviction, provided he has satisfied the procedural prerequisites for obtaining relief under § 2254. *See Lackawanna Cnty.*, 532 U.S. at 404. Dubrin cannot "be faulted for failing to obtain timely review of [his] constitutional claim." *Id.* at 405 (plurality opinion). After learning that, contrary to what he had been told at the change-of-plea hearing, his 2000 conviction would count as a strike, he proceeded with reasonable diligence to seek state habeas review of his constitutional challenge to that conviction. The state courts, however, "without justification, refuse[d] to rule

on a constitutional claim that ha[d] been properly presented" to them. *Id.* They wrongly told Dubrin that he was ineligible for state habeas relief because he was no longer "in custody," and refused to reach the merits of his claims. As a pro se litigant, Dubrin cannot be faulted for failing to correct the state courts' error by advising them that he was still "in custody" by virtue of being on parole. The district court therefore erred in dismissing Dubrin's petition under *Lackawanna County*'s general rule.

We reject the State's alternative contention that Dubrin's petition should be dismissed because he erroneously designated the "People of the State of California" as the respondent, rather than the state official who has custody of him. *See Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). When the State raised this issue below, without identifying any conceivable prejudice it could have suffered, Dubrin promptly attempted to remedy the error by submitting an amended cover sheet for his petition that named the Director of the California Department of Corrections as the respondent. On remand, the district court shall either deem Dubrin's pro se petition to have been amended to name the proper respondent, or grant him leave to amend his petition to correct this technical deficiency. *See id.*; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 896 (9th Cir. 1996).

If Dubrin so requests, the district court should appoint counsel to represent him on remand. Although Dubrin previously rejected this court's offer to appoint counsel on appeal, we suggest that the issues in this case would best be aired with the input of counsel on both sides.

**REVERSED AND REMANDED.**