16-4048-pr
*Calaff v. Capra*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand seventeen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges*.

_____

IVAN CALAFF,

> *Petitioner-Appellant*,

v.                                                                      16-4048-pr

MICHAEL CAPRA, SUPERINTENDENT, SING SING CORRECTIONAL FACILITY,

> *Respondent-Appellee*.

_____

For Petitioner-Appellant:          DANIEL F. KOLB (Shahira D. Ali, Matthew Cormack, Sarah Breslow, Ronald Krock, *on the brief*), Davis Polk & Wardwell LLP, New York, New York.

For Respondent-Appellee:          DAVID M. COHN (Hilary Hassler, Katherine Kulkarni, *on the brief*), *for* Cyrus R. Vance, Jr., District Attorney, New York County, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Ivan Calaff appeals from a November 3, 2016 judgment of the United States District Court for the Southern District of New York (Sweet, *J.*) denying Calaff's petition for a writ of habeas corpus. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**I.     Background**

In 2004, Calaff was sentenced as a persistent violent felony offender pursuant to New York Criminal Procedure Law sections 400.15 and 400.16, receiving an enhanced sentence because of prior convictions, including a 1993 New York state conviction. The 1993 conviction, where Calaff was charged with second-degree burglary and pleaded guilty to a lesser-included charge of attempted second-degree burglary, is the subject of this appeal. At sentencing on March 24, 1993, Justice Harold Rothwax instructed Calaff's attorney "[c]ounsel, please advise [Calaff] of his Appellate rights and advise me that you have done so." J.A. 149. In response, counsel stated on the record, "[l]et the record reflect I am handing my client written notice of his right to appeal, which indicates th[e] steps he can take to perfect that appeal." *Id.*

Calaff's trial counsel timely filed a notice of appeal. However, because Calaff did not follow the steps required to perfect his appeal and obtain appointed appellate counsel, Calaff was never assigned an appellate attorney. Calaff's sentence expired in 1999. Calaff was convicted of new crimes in 2000 and 2004, both times receiving enhanced sentences due to the 1993 conviction. As relevant here, Calaff's 2004 conviction was for second-degree burglary. At

2

Calaff's 2004 sentencing, the court adjudicated Calaff as a persistent violent felony offender. Unlike in 1993, Calaff moved for assignment of appellate counsel by following the required procedures. The Center for Appellate Litigation was appointed as appellate counsel. The 2004 conviction was unanimously affirmed on appeal. *People v. Calaff*, 30 A.D.3d 193 (1st Dep't 2006). Calaff made no effort during this period to perfect the appeal from his 1993 conviction or obtain appellate counsel for that appeal.

## II. Procedural History

In 2012, again represented by the Center for Appellate Litigation, Calaff finally pursued his 1993 appeal. The Appellate Division, First Department, following briefing and oral argument, dismissed Calaff's appeal, noting the 19-year-delay and finding that Calaff's excuse for the delay – that his 1993 trial counsel had promised to take care of the appeal – was refuted by the 1993 sentencing minutes. *People v. Calaff*, 103 A.D.3d 500 (1st Dep't 2013), *aff'd sub nom.*, *People v. Perez*, 23 N.Y.3d 89 (2014). The New York Court of Appeals unanimously affirmed the dismissal order and, in response to a constitutional argument from Calaff, upheld the constitutionality of a New York state rule of criminal procedure that Calaff asserted had deprived him of his constitutional right to appellate counsel. *See People v. Perez*, 23 N.Y.3d 89 (2014). The U.S. Supreme Court denied Calaff's certiorari petition. *See Calaff v. New York*, 135 S. Ct. 273 (2014).

Calaff then brought the habeas petition at issue in this appeal, collaterally attacking the 1993 conviction, primarily marshaling the same constitutional claim, *i.e.*, that the Appellate Division, First Department's procedures for assigning appellate counsel run afoul of the U.S. Constitution. Although Calaff maintains that the First Department's procedures for assigning appellate counsel are confusing, he successfully complied with the same procedures in 2004. On October 18, 2016, the district court denied Calaff's petition on this basis, reasoning that Calaff's

3

"failure to prosecute his appeal between 2004 [when Calaff was aware of and complied with the First Department's procedures for assigning appellate counsel] and 2012 was a valid ground for dismissal by the New York Court of Appeals." *Calaff v. Capra*, 215 F. Supp. 3d 245, 256 (S.D.N.Y. 2016).

## III. Discussion

Calaff is in custody pursuant to a 2004 sentence that was enhanced as a result of his earlier, allegedly unconstitutional 1993 conviction.[1] As a result, he confronts the general rule that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001) (internal citation omitted).

The Supreme Court has recognized at least one exception to this general rule: where a prior conviction was obtained in violation of a defendant's Sixth Amendment right to trial counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), a defendant can use that violation to attack a sentence that was enhanced because of the prior conviction. *Lackawanna Cty. Dist. Attorney*,

---

[1] If Calaff challenged solely the 1993 conviction (as opposed to the 2004 sentence as enhanced by the 1993 conviction), we would lack subject matter jurisdiction because Calaff is no longer serving his 1993 sentence and thus "cannot bring a federal habeas petition directed solely at" that conviction. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). Here, it is not obvious that Calaff, who is represented by counsel, challenges the 2004 sentence as enhanced by the 1993 conviction as opposed to the 1993 conviction. *Compare* J.A. 6 (citing only the 1993 judgment of conviction as the basis of Calaff's challenge), *with id.* at 18 (checking a box noting that he is challenging the 2004 sentence). We nonetheless construe Calaff's petition liberally to challenge the 2004 sentence as enhanced by the 1993 conviction, and thus conclude that we have subject matter jurisdiction to hear this appeal.

532 U.S. at 404. Because Calaff's constitutional claim concerns the right to appellate counsel under the Fourteenth Amendment, the *Gideon* exception does not apply.

Calaff argues, however, that a second exception is available where a petitioner through no fault of his own did not have an opportunity to challenge the earlier conviction. He suggests that six *Lackawanna* justices – three in the majority, three in the dissent – would have endorsed such an exception. *See id.* 405 (opinion of O'Connor, *J.*) (noting that "another exception to the general rule . . . might be available" when "a defendant can[not] be faulted for failing to obtain timely review of a constitutional claim"); *id.* at 408 (Souter, *J.*, dissenting) (incorporating his dissent from *Daniels v. United States*, 532 U.S. 374 (2001), which would permit review of sentence-enhancing conviction regardless of constitutional violation alleged). The plurality in *Lackawanna* provided a non-exhaustive list of two examples that could qualify for this second exception: first, when "a state court . . . without justification[] refuse[s] to rule on a constitutional claim that has been properly presented to it," 532 U.S. at 405; or second, after the limitations period for direct or collateral review has expired, when a defendant "obtain[s] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner," *id.* (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).

We have cited *Lackawanna* only a handful of times and have never decided whether the second *Lackawanna* exception is good law. *See Triumph v. Connecticut*, 308 F. App'x 550, 551 n.2 (2d Cir. 2009) (summary order) (noting that, based on that case's facts and posture, we "need not . . . decide whether to validate that exception"). For its part, the Supreme Court in *Johnson* suggested that it has not yet recognized the second *Lackawanna* exception when it remarked, with respect to the Armed Criminal Career Act, that "[w]e recognized *only one* exception to this rule that collateral attacks were off-limits, and that was for challenges to state convictions allegedly obtained in violation of the right to appointed counsel, an exception we thought necessary to

5

avoid undermining *Gideon*." *Johnson v. United States*, 544 U.S. 295, 303 (2005) (emphasis added). However, in a footnote later in *Johnson*, the Supreme Court used language that was less conclusive about the existence (or lack of existence) of the second *Lackawanna* exception, writing that it had "allowed that there *may* be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own," whereby "a prisoner *might be able to* . . . challenge the prior conviction as well as the federal sentence based on it," but "the circumstances of this case do not call for further exploration of that *possibility*." *Id.* at 304 n.4 (emphases added).[2]

We need not decide whether this second exception is available, because even assuming that it is, Calaff does not qualify for it. Neither of the examples provided in *Lackawanna* applies to Calaff, as the New York Court of Appeals addressed and rejected Calaff's constitutional claim on the merits and nobody argues that, in this case, Calaff has obtained compelling evidence of his actual innocence. And here, the federal habeas court was not "effectively . . . the first and only forum available for review of the prior conviction." *Lackawanna Cty. Dist. Attorney*, 532 U.S. at 406 (plurality opinion). Calaff could have challenged his 1993 conviction when he received an enhanced sentence in 2004 based on that prior conviction. *See, e.g.*, *People v. Brewington*, 127 A.D.3d 1248, 1248–49 (3d Dep't 2015) (vacating enhanced sentence upon showing that predicate conviction had been unconstitutionally obtained). He offers no persuasive reason for why he failed to do so. He acknowledges that, at that time, he learned "about the forms that

---

[2] Among the courts of appeals, there is no consensus as to whether courts must (or should) recognize the second *Lackawanna* exception. In published opinions, the Seventh and Eleventh Circuits have not recognized the exception. *See, e.g.*, *Grigsby v. Cotton*, 456 F.3d 727, 730 (7th Cir. 2006); *Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003). However, the Ninth and Tenth Circuits, in published opinions, and the Fifth Circuit, in an unpublished opinion, have recognized the second *Lackawanna* exception as good law. *See, e.g.*, *Dubrin v. People of California*, 720 F.3d 1095, 1098–99 (9th Cir. 2013); *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009); *Brattain v. Cockrell*, 281 F.3d 1279 (5th Cir. 2001) (unpublished).

needed to be filed with the court for an appeal to be taken" and "began to wonder whether [his] 1993 case really had been appealed." J.A. 196–97. In spite of those concerns, and despite being represented by counsel on appeal, he did not challenge his enhanced sentence on the ground he now asserts. Therefore, Calaff's invocation of the second *Lackawanna* exception must fail.[3]

Because Calaff does not qualify for an exception under *Lackawanna*, he is barred from challenging his expired conviction that was used to enhance his 2004 sentence. Even though the district court reached the opposite conclusion on this issue, concluding that Calaff qualified for a *Lackawanna* exception, we ultimately agree (albeit on a different ground) with the judgment below, denying Calaff's petition. *See, e.g.*, *Helvering v. Gowran*, 302 U.S. 238, 245 (1937) ("In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason."). Accordingly, we **AFFIRM** the judgment of the district court.[4]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[3] Because Calaff's failure to pursue his appeal in 2004 is sufficient to dispose of his petition, we need not address whether Calaff should have pursued his appeal in 1993.

[4] Since we affirm solely on the ground that Calaff does not qualify for an exception under *Lackawanna*, we have no occasion to discuss the merits of the remainder of the district court's judgment, including its determination that the First Department's procedures at issue for assigning appellate counsel are "unconstitutional as an unreasonable precondition on the right to appellate counsel." *Calaff*, 215 F. Supp. 3d at 253. Without taking a position on the matter, we note that at least two other courts have reached a different result on this question. *See West v. Breslin*, No. 06-cv-4167 (PKC), 2008 WL 110947 (S.D.N.Y. Jan. 2, 2008), *aff'd*, 410 F. App'x 393 (2d Cir. 2011) (summary order); *People v West*, 100 N.Y.2d 23 (2003) (Wesley, *J.*), *cert. denied*, 540 U.S. 1019 (2003).

7