21-2234-pr
*Dockery v. Lee*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

Alexander Dockery,

> *Petitioner-Appellant*,

> v.                                          21-2234-pr

William Lee, Superintendent, Eastern Correctional Facility,

> *Respondent-Appellee*.

---

FOR PETITIONER-APPELLANT:  MATTHEW CORMACK (Daniel F. Kolb, *on the brief*), Davis Polk & Wardwell LLP, New York, NY.

FOR RESPONDENT-APPELLEE:  DAVID M. COHN, Assistant District Attorney (Steven C. Wu, Christopher P. Marinelli, Assistant District Attorneys, *on the brief*), *for* Alvin L. Bragg, Jr., District Attorney for New York County, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Alexander Dockery appeals from an August 18, 2021 order of the United States District Court for the Southern District of New York (Nathan, *J.*), denying his request for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Dockery seeks to challenge his 2000 state conviction, for which he is currently in custody, on the ground that his sentence was enhanced by his allegedly unconstitutional 1986 conviction in state court. We assume the parties' familiarity with the underlying facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

### I. Prior Convictions

In 1985, then-fifteen-year-old Dockery was charged with robbery in the first and second degree. Following a trial in New York County, Dockery was convicted and sentenced to two to six years' incarceration. At his sentencing, his appointed trial counsel provided him a written Notice of Rights to Appeal form that explained how Dockery could apply for appellate counsel. Pursuant to the procedures in place at the time in the New York Appellate Division, First Department, the form stated that an indigent defendant was required to write to the Department himself and request *in forma pauperis* status. According to Dockery, he did not understand the procedure at the time and no one, including his trial counsel, attempted to explain it to him. His trial counsel filed a notice of appeal but took no further action. Dockery did not follow the required

2

steps to obtain counsel and completed his 1986 sentence without perfecting his appeal, but the appeal remained pending.

In 1992, Dockery pled guilty to third-degree attempted criminal possession of a weapon. Dockery waived his right to appeal and was sentenced as a second violent felony offender, receiving a prison term of two to four years. Then, in 2000, Dockery was convicted of second-degree burglary and criminal trespass. Because of his prior two convictions, Dockery was sentenced as a persistent violent felony offender and received a mandatory sentence of 25 years to life.[1] Dockery is currently serving this sentence.

## II.    Post-Conviction Proceedings

In 2005, after exhausting New York post-conviction remedies, Dockery filed a federal habeas petition challenging his 2000 conviction. After it was stayed so that he could exhaust his state-court remedies, the petition was ultimately denied in 2013. In 2008, Dockery wrote to the First Department to inquire about the status of his appeal on the 1986 robbery conviction and to request either information about its outcome or, if no appeal had been taken, an opportunity to appeal the conviction. In response, the State filed a motion to dismiss that appeal due to Dockery's failure to prosecute the appeal, which the First Department granted. After obtaining counsel, Dockery persuaded the First Department to reinstate his appeal on the basis of procedural flaws in its prior dismissal; having corrected those flaws, the court again dismissed Dockery's appeal for failure to prosecute. The New York Court of Appeals affirmed, concluding that: (1) the First

---

[1] Dockery, who was prosecuted under the alias "John Harris," failed to appear for proceedings in this case and was tried, convicted, and sentenced *in absentia*. He began serving that sentence in 2001 following an unrelated arrest.

Department's procedure did not deprive Dockery of any constitutional right; and (2) Dockery's appeal was properly dismissed because he "consciously chose not to exercise" his appellate rights for a protracted period of time. *People v. Perez*, 23 N.Y.3d 89, 99–101 (2014).

In 2015, Dockery filed the instant habeas petition pursuant to 28 U.S.C. § 2254, challenging the First Department's appellate procedure for indigent defendants in connection with his 1986 conviction. The district court denied the petition for lack of subject-matter jurisdiction, concluding that Dockery was not "in custody" for the purpose of the habeas statute because Dockery failed to qualify for an exception to the rule against challenging a predicate conviction while serving a later sentence. Furthermore, the district court determined that his petition would be barred as a second or successive petition even if it satisfied such an exception.[2] Despite denying the petition on these two grounds, the district court found that Dockery had made a "substantial showing of the denial of a constitutional right" and granted his request for a certificate of appealability. *Dockery v. Lee*, 15-cv-7866 (AJN), 2021 WL 3667943, at *6 (S.D.N.Y. Aug. 18, 2021) (quoting 28 U.S.C. § 2253(c)). This appeal followed.

## DISCUSSION

We review *de novo* a district court's denial of a Section 2254 habeas petition. *Washington v. Schriver*, 255 F.3d 45, 52 (2d Cir. 2001).

On appeal, Dockery argues that the district court erred by: (1) concluding that Dockery did not qualify for the "no fault of his own" exception to the rule against challenging a predicate

---

[2] The district court adopted the Report and Recommendation ("R&R") issued on September 8, 2017, by United States Magistrate Judge Kevin Fox, as to the denial of the petition on these grounds, but declined to decide the other alternative bases for denial identified in the R&R.

conviction while serving a sentence for a later conviction, as articulated in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 405–06, 408 (2001); and (2) alternatively concluding that Dockery's petition was a second or successive petition barred by 28 U.S.C. § 2244(b). Although we disagree with the district court that *Lackawanna* implicates the "in custody" requirement (and therefore the court's subject-matter jurisdiction), we agree that Dockery's petition is barred by *Lackawanna*, which prohibits a prisoner from challenging his present sentence on the ground that it was enhanced by a prior unconstitutional conviction.

## I.    The 1986 Conviction

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants federal courts jurisdiction to review petitions for habeas relief only from "person[s] in custody . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Accordingly, "[t]he first showing a § 2254 petitioner must make is that he is in custody pursuant to the judgment of a State court."  *Lackawanna*, 532 U.S. at 401 (internal citation omitted); *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006).  The Supreme Court has clarified that this requires "that the habeas petitioner be 'in custody' under *the conviction or sentence under attack at the time his petition is filed*."  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added). "[O]nce the sentence imposed for a conviction has completely expired"—*i.e.*, once the petitioner has finished serving that sentence—the petitioner is no longer considered "in custody" for that conviction and therefore cannot challenge its validity through habeas proceedings.  *Id.* at 492. Dockery's petition facially challenges the constitutionality of his 1986 conviction.  As he fully served his 1986 sentence, Dockery is unequivocally no longer "in custody" for that conviction and, accordingly, cannot directly challenge it through a federal habeas petition.  *Id.*  Therefore, if we

5

understood Dockery's petition to challenge his 1986 conviction—as the petition facially purports to do—we would lack jurisdiction to consider such a challenge.  *See Calaff v. Capra,* 714 F. App'x 47, 50 n.1 (2d Cir. 2017) (summary order).

## II.  The 2000 Conviction

Dockery asks us to construe his petition as attacking the sentence associated with his 2000 conviction, for which he is currently in custody, on the ground that the sentence was enhanced by his allegedly unconstitutional 1986 conviction.  However, Section 2254 does not authorize a federal court to consider a "sentence" apart from a "conviction."  A federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court," 28 U.S.C. § 2254(a) (emphasis added), and a "judgment" is "comprised of a conviction and the sentence imposed thereon," N.Y. Crim. Proc. Law § 1.20(15).  For Dockery's petition to survive the "in custody" requirement, therefore, we must construe his petition as attacking the 2000 conviction, as the district court did.  Even with the benefit of such a construction, Dockery's petition is nonetheless barred by *Lackawanna*, which forbids a petitioner from challenging his current sentence on the ground that it was enhanced by an unconstitutional prior conviction.  Dockery does not qualify for an exception to this rule:  even construed as challenging his 2000 conviction, his petition may not proceed.

### A. The *Lackawanna* Rule

It is a general rule that, if a prior conviction is used to enhance a later sentence, a petitioner "may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  *Lackawanna*, 532 U.S. at 403–04.  However,

6

the Supreme Court identified an exception to this rule for when the enhancing conviction was obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Lackawanna*, 532 U.S. at 404. Dockery does not contend that he qualifies for this exception, nor could he based upon this record. Instead, he argues that he falls under *Lackawanna*'s purported *second* exception—*i.e.*, where a defendant cannot "be faulted for failing to obtain timely review of a constitutional claim," such as when a "state court . . . without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it," or when, "after the time for direct or collateral review has expired," he obtains "compelling evidence that he is actually innocent for the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* at 405.

This "no fault" exception, however, was outlined by a three-justice plurality that expressly declined "to determine whether, or under what precise circumstances, a petitioner might be able to use a § 2254 petition in this manner." *Id.* To date, the Supreme Court has not conclusively held that this second exception exists, *see United States v. Johnson*, 544 U.S. 295, 304 n.4 (2005); neither has this Court, *see Calaff*, 714 F. App'x at 50–51. As in *Calaff*, we need not do so here: even assuming that the second *Lackawanna* exception is available, Dockery does not qualify for it.[3]

The facts of this case do not establish that Dockery has "no fault." We disagree with Dockery's assertion that his instant petition is "effectively . . . the first and only forum available for review of the prior conviction." *Lackawanna*, 532 U.S. at 406. Dockery could have challenged

---

[3] Dockery contends that the relevant time period for analyzing any "no fault" exception under *Lackawanna* is the period between his 1986 conviction and the imposition of his 2000 sentence, rather than what occurred after 2000. As set forth below, we conclude that Dockery cannot satisfy any such exception regardless of which time period is used.

his 1986 conviction when it was used as an enhancement at his 1992 sentencing, as New York law allows. *See* N.Y. Crim. Proc. § 400.15 (stating that, when determining whether a defendant is a second violent felony offender, a "defendant may, at any time during the course of the hearing hereunder controvert an allegation with respect to [a prior] conviction . . . on the grounds that the conviction was unconstitutionally obtained"). Dockery argues that he was misled as to the status of his 1986 appeal because, when the prosecutor was asked at the 1992 plea hearing whether there had been a trial on the prior conviction, the prosecutor responded, "No, it would have been appealed by now." Joint App'x at 469. However, that comment does not persuasively explain Dockery's delay. As a threshold matter, as the district court noted, Dockery was present during the 1986 trial and knew the prosecutor's statement regarding the lack of a trial was incorrect. In any event, even if Dockery was misled about the earlier appeal by this passing comment, he was represented by counsel who had initially "ask[ed] for time to look into the file of the [1986] conviction" but then unreasonably "withdr[e]w" that request. Joint App'x at 468–69. Similarly, at the time of his 2000 conviction and sentencing, even if Dockery continued to believe that his 1986 conviction had already been appealed, he was represented by counsel who again had the opportunity to investigate and challenge his 1986 conviction.[4]

Moreover, Dockery could have challenged his 1986 conviction in 2001 when he appealed his 2000 conviction, at which time he was fully aware of the process to obtain appellate counsel in New York and "began to wonder" whether his 1986 trial counsel had fully pursued his appeal. Appellant's Br. at 10. Additionally, Dockery concedes that, when he filed his first federal habeas

---

[4] We note Dockery does not claim that his counsel in either the 1992 or 2000 case was constitutionally ineffective.

8

petition in 2005, "he learned that information about his 1986 appeal might be relevant to that petition." *Id.* However, Dockery made no effort to follow up on these concerns until 2008, when he first inquired about his 1986 appeal. Indeed, the New York Court of Appeals concluded that "[t]he facts permit an inference that [petitioner] did not simply neglect [his] appellate rights, but consciously chose not to exercise them until [he] acquired a reason to do so." *Perez*, 23 N.Y.3d at 101. Dockery offers insufficient explanations for his failure to utilize the multiple opportunities available to him over a period of two decades to challenge his 1986 conviction and, thus, has not demonstrated that he would qualify for the second *Lackawanna* exception even if it were available.

The district court concluded that because Dockery failed to satisfy either exception, he could not meet the "in custody" requirement of § 2254 and therefore the court lacked subject-matter jurisdiction over Dockery's petition. In fact, if we are to construe Dockery's petition as challenging his 2000 conviction, as the district court did, then Dockery meets the "in custody" requirement. The *Lackawanna* rule is not an application of the "in custody" requirement; it is based instead "on considerations relating to the need for finality of convictions and ease of administration." *Lackawanna*, 532 U.S. at 402–04. Indeed, the Court specifically held that the petitioner in *Lackawanna* "satisfied § 2254's 'in custody' requirement." *Id.* at 402. The district court therefore did not lack subject-matter jurisdiction, but *Lackawanna* did bar Dockery's petition.

\* \* \*

Given the denial of the petition under *Lackawanna*, we need not consider the district court's alternative holding that the petition was also barred as a second or successive petition. We **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court