■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR MARTINEZ, Respondent. [701 NYS2d 425] —Order, Supreme Court, New York County (Budd Goodman, J.), entered on or about April 2, 1998, which granted defendant's motion made pursuant to CPL 30.30 and dismissed the indictment, unanimously reversed, on the law and the facts, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

The only issue on appeal is whether the time period from January 7, 1998 to January 20, 1998 should have been excluded, as the prosecutor argues. If the time is excludable the indictment stands. On January 7, 1998, the People were not ready for trial and requested an adjournment to January 20, 1998 because a material witness, the arresting officer, was unavailable due to a line-of-duty injury sustained in a December 27, 1997 car accident. The vehicle in which the officer was a passenger had been hit in the rear, causing the officer to sustain back and neck injuries. The officer remained on "out in the line of duty" status until January 15, 1998. The motion court found the 13-day period from January 7, 1998 to January 20, 1998 chargeable to the People because of their failure to satisfy their burden of establishing "a viable medical reason to justify to unavailability of [the officer]." We reverse.

Whether a witness is "unavailable" within the meaning of CPL 30.30 (4) (g) is a question of fact, as to which the People have the burden of proof. (*People v Zirpola*, 57 NY2d 706, 708.) Contrary to the motion court's finding, the People tendered sufficient medical evidence to substantiate their claim of the officer's unavailability due to a legitimate medical reason. The officer's emergency room records clearly demonstrate that he sustained neck and back injuries as a result of the accident. The record shows that, while the officer was able to remove himself from the vehicle and walk, he had to be immobilized by EMS personnel and transported to the hospital. These facts are unrefuted. The 13-day adjournment was entirely reasonable in the circumstances. Contrary to defendant's argument, the People were not required, in order to invoke the statutory exemption, to show that the witness was hospitalized, completely immobile or totally incapacitated. (*See, People v Womack*, 229 AD2d 304, *affd* 90 NY2d 974.) Nor, contrary to the

motion court's suggestion, were the People, in order to satisfy the statute's "due diligence" requirement (CPL 30.30 [4] [g]), obliged to show that they had made extraordinary efforts to secure the witness's presence (*see, People v Pressley*, 115 AD2d 228). Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.