[885 NE2d 181, 855 NYS2d 417]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTIN TAVERAS, Also Known as JOSE MARTIN TAVARES, Also Known as JOSE TAVERAS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JONES, Appellant.

Argued February 7, 2008; decided March 18, 2008

## POINTS OF COUNSEL

*Center for Appellate Litigation,* New York City (*Jonathan M. Kirshbaum* and *Robert S. Dean* of counsel), for appellant in the first above-entitled action. The pending appeal of a former fugitive should not be dismissed under the fugitive disentitlement doctrine when defendant is available to obey the mandate of the court and the Appellate Division can engage in a full review of the trial court proceedings; alternatively, a former fugitive's appeal should only be dismissed if the escape had a nexus to, or a significant effect on, the appellate process, which did not occur here. (*People v Sullivan,* 28 NY2d 900, 29 NY2d 552; *Degen v United States,* 517 US 820; *Ortega-Rodriguez v United States,* 507 US 234; *Smith v United States,* 94 US 97; *Hanson v Phillips,* 442 F3d 789; *Goeke v Branch,* 514 US 115; *Estelle v Dorrough,* 420 US 534; *Allen v Georgia,* 166 US 138; *Eisler v United States,* 338 US 189; *Bonahan v Nebraska,* 125 US 692.)

*Robert M. Morgenthau, District Attorney,* New York City (*Nicole Beder* and *Alan Gadlin* of counsel), for respondent in the first above-entitled action. The Appellate Division properly exercised its discretion in dismissing the appeal, as defendant forfeited any right to appeal by absconding. (*People v Gomcin,* 95 NY2d 821; *People v Perez,* 38 NY2d 904; *Matter of Skiff-Murray v Murray,* 305 AD2d 751; *People v Genet,* 59 NY 80; *Estelle v Dorrough,* 420 US 534; *Allen v Georgia,* 166 US 138; *Molinaro v New Jersey,* 396 US 365; *People v Gilestrella,* 127 Misc 2d 356; *United States v Persico,* 853 F2d 134; *United States v Baccollo,* 725 F2d 170.)

*Center for Appellate Litigation,* New York City (*Peter Theis* and *Robert S. Dean* of counsel), for appellant in the second above-entitled action. The Appellate Division's summary dismissal of defendant's appeal, from the People's urging that his former fugitive conduct disentitled him to appellate review, was improper. (*Smith v United States,* 94 US 97; *Bonahan v Nebraska,* 125 US 692; *Eisler v United States,* 338 US 189; *Molinaro v New Jersey,* 396 US 365; *Ortega-Rodriguez v United States,* 507 US 234; *People v Genet,* 59 NY 80; *People v Sullivan,* 28 NY2d 900; *People v Casiel,* 33 NY2d 791; *People v Perez,* 38 NY2d 904; *People v Parmaklidis,* 38 NY2d 1005.)

*Robert T. Johnson, District Attorney,* Bronx (*Jean Soo Park* and *Joseph N. Ferdenzi* of counsel), for respondent in the second above-entitled action. Defendant forfeited his right to appeal when he elected to become a fugitive from justice for almost 18 years. (*People v Eldridge,* 31 NY2d 820; *Martinez v Court of Appeal of Cal., Fourth Appellate Dist.,* 528 US 152; *People v Genet,* 59 NY 80; *People v Sullivan,* 28 NY2d 900, 29 NY2d 552; *People v Casiel,* 42 AD2d 762, 33 NY2d 791, 39 NY2d 912; *People v Shaw,* 133 Misc 2d 862, 72 NY2d 838, 950; *People v Corley,* 77 AD2d 835, 52 NY2d 783, 57 NY2d 861; *People v Moses,* 91 AD2d 239, 59 NY2d 667, 60 NY2d 682; *People v Diaz,* 70 AD2d 1061, 49 NY2d 760, 51 NY2d 766; *People v Estrada,* 173 AD2d 555.)

### OPINION OF THE COURT

PIGOTT, J.

In these unrelated criminal proceedings, defendants Jose Martin Taveras and Anthony Jones appeal from trial judgments of conviction and resultant sentences imposed "in absentia." Notices of appeal were timely filed in both instances, but no effort to perfect or dismiss the appeals was made during the time defendants were fugitives.

Defendant Taveras was captured eight years after his failure to appear for trial; defendant Jones was apprehended nearly 18 years after absconding during jury selection. Because the appeals were still pending at the time of each defendant's capture and return to the jurisdiction, defendants attempted to prosecute their appeals, but the Appellate Division dismissed each appeal. A Judge of this Court granted leave in each case.

### People v Taveras

In October 1984, defendant Jose Martin Taveras and his codefendant entered an apartment in New York City with the intent to steal cocaine and money. They assaulted and choked one victim into unconsciousness and stabbed and tortured another. The former victim recovered; the latter victim died. After his arrest, defendant attempted to bribe law enforcement officers in an attempt to facilitate his release.

Defendant was charged with two counts of murder in the second degree, and one count each of attempted murder in the second degree, criminal possession of a weapon in the third degree and bribery in the second degree. He remained free on bail pending his trial, which was scheduled for November 1986. When defendant failed to appear, Supreme Court issued a bench warrant for his arrest. In January 1987, defendant was arrested on the warrant and a new trial date was set for May 1988. Defendant remained at liberty.

While awaiting trial on the state charges, defendant was arrested and charged in November 1987 with federal drug charges. In February 1988, he pleaded guilty to those charges and was once again released on bond. Coincidentally, his sentencing on the federal charges was scheduled on the same date that his state trial was to commence.

Defendant failed to appear for either his state trial or his federal sentencing. Supreme Court once again issued a bench warrant for defendant's arrest and conducted a hearing pursuant to People v Parker (57 NY2d 136, 142 [1982]), ultimately concluding that defendant would be tried in absentia. Defendant was convicted on several counts and sentence imposed. Defense counsel filed a timely notice of appeal in June 1988. Eight years later, defendant was apprehended in Florida and charged with bail jumping in relation to his federal convictions. The federal court in Florida imposed a determinate prison term of 121 months to run concurrently with his state sentence. Upon his return to New York in December 1997, defendant began his state sentence.

Defendant was not at first aware that his prior attorney had filed a timely notice of appeal nine years before. Even after he discovered this fact in late 2000 or early 2001, several more years were consumed in state appellate and federal habeas corpus litigation, ending with a decision in 2006 in which the United States Court of Appeals for the Second Circuit held that defendant had not lost his right to the assignment of counsel on the appeal (*Taveras v Smith*, 463 F3d 141, 151-152 [2d Cir 2006]). Counsel was appointed and submitted a brief.

In November 2006, the People moved to dismiss defendant's appeal, arguing that by absconding defendant had forfeited and abandoned his appellate rights and thus the Appellate Division should refuse to consider the merits. Defendant opposed the motion, arguing that because he was currently under the jurisdiction of the courts, he was entitled to one appeal as of right, pointing out that he had already filed his appellate brief and had at least one winning issue on appeal. After considering the People's motion and defendant's response, the Appellate Division, First Department dismissed the appeal.

### *People v Jones*

In 1987, defendant Anthony Jones was charged with burglary in the first degree, burglary in the second degree, robbery in the second degree, robbery in the third degree and assault in the second degree. Defendant was alleged to have followed the victim into her apartment, locked the door and demanded that she give him money. When she refused, he punched her in the face, grabbed her purse and took money from it.

Defendant, who remained at liberty up until his trial date, absconded during jury selection, notwithstanding the fact that Supreme Court had admonished defendant that he would be tried and sentenced in absentia in the event he did not appear for trial. Supreme Court issued a bench warrant and, after conducting a *Parker* hearing, allowed the trial to go forward without defendant. A jury found defendant guilty of, among other things, burglary in the second degree and robbery in the third degree, and he was sentenced in absentia to concurrent prison terms of 7 to 14 years on each count. Defense counsel filed a timely notice of appeal.

Seventeen years later, in October 2005, defendant was arrested on a bench warrant and returned to the jurisdiction of the court. In April 2006, he was resentenced to 3 to 6 years on the robbery count because the previously imposed 7 to 14 year

sentence was illegal. Defendant thereafter moved at the Appellate Division for poor person relief and, on May 9, 2006, filed a notice of appeal from the judgment on resentencing.

The People opposed defendant's motion for poor person relief to the extent it sought relief relating to the appeal from the August 1, 1988 judgment of conviction, and cross-moved to dismiss the appeal from that judgment, contending that the May 9, 2006 notice of appeal should be construed as being an appeal from the April 2006 judgment on resentencing only. The People further argued that it had been nearly 18 years since the August 1988 notice of appeal had been filed and that defendant had neither perfected his appeal nor requested an extension of time to do so. Moreover, according to the People, defendant was not entitled to have his appeal heard because he disregarded the laws and courts of this State by absconding. The Appellate Division granted defendant's motion for assignment of appellate counsel, but then granted the People's motion dismissing defendant's appeal of the August 1988 conviction.

## Analysis

Neither of these appeals implicate the so-called fugitive disentitlement doctrine, which allows appellate courts to dismiss appeals of fugitive defendants who are at large while their appeals are pending, the rationale being that the defendant's escape "disentitles the defendant to call upon the resources of the Court for determination of his claims" (*see Molinaro v New Jersey*, 396 US 365, 366 [1970]; *see also Estelle v Dorrough*, 420 US 534, 537 [1975], *reh denied* 421 US 921 [1975]). Considerations underlying the doctrine include, among other things, that the courts should not expend resources hearing an appeal when any judgment they would issue could not be enforced (*see Smith v United States*, 94 US 97, 97 [1876]), nor should courts be required to "adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction" (*Molinaro*, 396 US at 366).

Here, however, in neither *Taveras* nor *Jones* did the People move to dismiss the appeals during the defendants' absences, although they clearly had the opportunity to do so. As a result, the appeals remained pending during the entire time defendants were fugitives, and were dismissed only after defendants had been returned to custody and attempted to pursue them. Because each defendant was no longer a fugitive, and was

subject to the mandates of the court at the time the motions to dismiss the appeals were brought, the fugitive disentitlement doctrine could not apply as an automatic forfeiture of his right to pursue his timely appeal.

Instead, whether such appeals should be permitted to proceed is subject to the broad discretion of the Appellate Division (*see* CPL 470.60 [1]). In exercising its discretion, the Appellate Division may consider whether defendant's flight caused "a significant interference with the operation of [the] appellate process" (*Ortega-Rodriguez v United States*, 507 US 234, 250 [1993]); whether defendant's absence so delayed the administration of justice that the People would be prejudiced in locating witnesses and presenting evidence at any retrial should the defendant be successful on appeal (*id.* at 249; *People v Parker*, 57 NY2d at 142); the length of the defendant's absence; whether defendant voluntarily surrendered; the importance and novelty of the issues raised on appeal (*see People v Smith*, 44 NY2d 613 [1978]); and the merits of the appeal.

Here, it cannot be said that the Appellate Division abused its discretion in dismissing these appeals. In *Taveras*, the People established that they would suffer prejudice due to defendant's nine-year absence, including the difficulty of locating a key witness to the crimes 22 years after the fact, rendering it almost impossible to re-try the case should defendant obtain an appellate ruling in his favor. Similarly, in *Jones*, the People established that they would suffer prejudice due to defendant's 18-year absence. In the event defendant was successful on appeal and required a new trial, the People's case would be hampered by having to locate and prepare witnesses whose memories would have likely faded, thereby affecting the People's ability to sustain their burden at trial.

We note that defendant Taveras is not foreclosed from challenging his purported illegal sentence pursuant to CPL 440.20. Similarly, defendant Jones's appeal of his claimed illegal sentence remains and he has been granted poor person status.

Accordingly, the orders of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

In each case: Order affirmed.