■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL JOAQUIN, Appellant. [55 NYS3d 226]—

Judgment, Supreme Court, Bronx County (Ethan Greenberg, J. at speedy trial motion and jury trial; Steven L. Barrett, J. at sentencing), rendered August 24, 2011, as amended December 20, 2011, convicting defendant of kidnapping in the second degree and robbery in the first and second degrees, and sentencing him to an aggregate term of 20 years, unanimously affirmed.

Defendant's legal sufficiency claims as to the robbery convictions are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the remaining conviction was likewise based on legally sufficient evidence, and that the verdict, as to all charges, was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. There was extensive evidence to support the inference of accessorial liability as to each of the charges.

The court properly declined to strike any of the victim's testimony as a remedy for his repeated invocation of his Fifth Amendment privilege against self-incrimination during cross-examination, and it provided a suitable remedy by repeatedly instructing the jury that while the victim had the right to do so, the jury may consider his assertion of the privilege in determining the credibility and weight of his testimony (*see People v Siegel*, 87 NY2d 536, 544-545 [1995]). There was no impairment of defendant's right to confront this witness (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The court's charge did not improperly shift the burden of proof when it reminded the jury that the victim had withdrawn his assertion of the privilege as to a cross-examination question about bribery, after which defense counsel declined to question him on that matter. The court properly instructed the jury to disregard that portion of the testimony, and reminded the jury that defendant did not have any burden of proof. In any event, any error involving the witness's assertion of his privilege or the court's charge was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court correctly denied defendant's CPL 30.30 speedy trial motion on three alternative grounds. Pursuant to the fugitive disentitlement doctrine, defendant forfeited his right to make this motion by absconding after the motion was filed, but before the court issued its decision (*see People v Panico*, 130 AD2d 777, 778 [2d Dept 1987]; *see also People v Taveras*, 10 NY3d 227, 232 [2008]). The motion was also untimely. Counsel first filed the CPL 30.30 motion after both counsel had answered ready for trial, the case had been sent to and was pending in a trial part, the trial court had addressed several preliminary issues, and the trial court had announced it was ready to begin jury selection. Under these circumstances, "defense counsel's tactics deprived the prosecution of reasonable notice of the motion, and . . . defendant waived his speedy trial claim by announcing his readiness for trial and by failing to request an adjournment when the People moved the case to trial" (*People v Harvall*, 196 AD2d 553, 554-555 [2d Dept 1993], *lv denied* 82 NY2d 896 [1993]; *see also People v Dolan*, 54 Misc 3d 144[A], 2017 NY Slip Op 50239[U] [App Term, 1st Dept 2017]). Furthermore, the motion was without merit (*see People v Martinez*, 268 AD2d 354 [1st Dept 2000], *lv denied* 94 NY2d 922 [2000]).

Defendant's claim that his counsel was unconstitutionally ineffective in failing to file a timely speedy trial motion is unreviewable in the absence of a CPL 440.10 motion, since it

involves matters not fully explained by the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Insofar as this claim is reviewable, counsel was not ineffective in failing to file a timely motion, because, as the court correctly determined, the motion was without merit in any event. Concur—Acosta, P.J., Friedman, Andrias, Webber and Gesmer, JJ.