People v Perez (2018 NY Slip Op 04669)





People v Perez


2018 NY Slip Op 04669


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


6964 2134/86

[*1]The People of the State of New York, Respondent,
v
Ramon Perez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Eugene Nardelli, J.), rendered June 4, 1987, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 15 years to life, unanimously dismissed.
Defendant absconded during trial, and was tried and convicted in absentia. His attorney filed a notice of appeal, but defendant did nothing to perfect his appeal while he remained a fugitive, for close to 20 years, until he was returned involuntarily on a warrant. The People seek to dismiss defendant's appeal based on the "failure of timely prosecution or perfection thereof," pursuant to CPL 470.60(1). Where a defendant's appeal remained pending for a long time while he or she was a fugitive, whether the appeal should be permitted to proceed once the defendant is returned to custody is "subject to the broad discretion of the Appellate Division" (People v Taveras, 10 NY3d 227, 233 [2008]; see also People v Perez, 23 NY3d 89, 101 [2014]). In exercising its discretion, the Appellate Division may consider factors including whether defendant's flight caused "a significant interference with the operation of [the] appellate process"; whether defendant's absence "so delayed the administration of justice that the People would be prejudiced in locating witnesses and presenting evidence at any retrial should the defendant be successful on appeal"; the length of the defendant's absence; whether the defendant "voluntarily surrendered"; and the merits of the appeal (Taveras, 10 NY3d at 233).
Applying these standards, we exercise our discretion to dismiss the appeal. There was an extensive delay — more than 27 years — from June 12, 1987, when counsel, on defendant's behalf, filed a notice of appeal, until September 2014, when defendant sought poor person relief and assignment of counsel, and defendant finally filed his appellate brief in June 2017, 30 years after his conviction. The delay was caused entirely by defendant's own conduct in absconding from trial, and remaining a fugitive for close to 20 years. Defendant did not surrender voluntarily; rather, he was returned involuntarily on the warrant after being arrested and convicted under another name in Massachusetts. An important transcript and the court file, each of which has a bearing on issues defendant seeks to raise on appeal, have been lost, and it is unreasonable to expect a court to preserve such materials forever. The delay of over 30 years would severely prejudice the People if required to retry the case after appeal. Thus, these factors demonstrate that dismissal is appropriate (see Taveras, 10 NY3d at 230-32). We also note that this Court has [*2]fully complied with the requirement, set forth in Perez (Lopez)(23 NY3d at 101-102), that this determination be made after appellate counsel has been assigned and permitted to review the record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK