People v Williams (2018 NY Slip Op 06182)





People v Williams


2018 NY Slip Op 06182


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


831/83 7131 7130

[*1]The People of the State of New York, Respondent,
v
Melvin Williams, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.



Appeal from judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered March 26, 1984, convicting defendant, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 15 years to life, unanimously dismissed.
In 1984 defendant absconded during trial, and was tried and convicted in absentia. His attorney filed a notice of appeal, but defendant did nothing to perfect his appeal, which was dismissed in 1998, on the People's motion, for failure to prosecute.
Meanwhile, in 1986, defendant was convicted of serious charges in North Carolina, and he served a lengthy sentence there. Commencing in 2003, nearly 20 years after his conviction, when the New York Department of Correctional Services lodged a detainer in North Carolina based on the instant conviction, defendant filed various pro se motions in connection with his New York conviction. However, defendant did not move to reinstate his appeal until 2015, more than 30 years after his conviction.
In his 2015 motion, defendant argued, among other things, that his appeal should not have been dismissed without assignment of, and review of the record by, appellate counsel (see People v Perez (Lopez), 23 NY3d 89, 101-102 [2014]). This court granted the motion to the extent of reinstating the appeal without prejudice to a renewed dismissal motion by the People, and when the People then made such a motion, this Court denied it without prejudice to the People's assertion of arguments for dismissal in their appellate brief.
The People seek to dismiss defendant's appeal based on the "failure of timely prosecution or perfection thereof" pursuant to CPL 470.60(1). Where an absconding defendant's appeal remains pending for a long time, whether the appeal should be ultimately be permitted to proceed is "subject to the broad discretion of the Appellate Division" (People v Taveras, 10 NY3d 227, 233 [2008]; see also Perez, 23 NY3d at 101 [2014]). In exercising its discretion, this Court may consider factors including whether defendant's flight caused "a significant interference with the operation of [the] appellate process"; whether defendant's absence "so delayed the administration of justice that the People would be prejudiced in locating witnesses and presenting evidence at any retrial should the defendant be successful on appeal"; the length of the defendant's absence; whether the defendant "voluntarily surrendered"; and the merits of the appeal (Taveras, 10 NY3d at 233).
Applying these standards, we exercise our discretion to dismiss the appeal. There was a delay of over 30 years from the date in 1984 when trial counsel, on his absent client's behalf, filed a notice of appeal, until defendant, by appellate counsel, moved to reinstate his appeal in 2015 (see People v Perez, 162 AD3d 571 [1st Dept 2018] [absconder's 30-year-old appeal dismissed]), and the appeal was finally perfected in 2017. The delay was caused by defendant's own conduct in absconding from trial, and in failing to take any steps to perfect his appeal in the [*2]interim. Although defendant was incarcerated in another state for much of this time, and thus was not "at large," there was nothing to prevent him from pursuing his appeal like any other incarcerated defendant. The People's knowledge of defendant's incarceration in North Carolina does not weigh against dismissal, because, unlike the People's obligation to make diligent efforts to produce an incarcerated defendant for trial or sentencing, there was no similar burden to do anything to advance a sentenced defendant's appeal. Furthermore, an important transcript has been lost, and "it is unreasonable to expect a court to preserve such materials forever" (Perez, 162 AD3d at 572). A reconstruction hearing would be impracticable after the passage of multiple decades. The delay of over 30 years would also severely prejudice the People if they were required to retry the case after appeal. Finally, we do not find that the merits of the appeal (which raises issues, that, with some exceptions, are unpreserved or unreviewable) weigh against dismissal.
In the alternative, we find no basis for reversal or any other relief. To the extent any of defendant's arguments on appeal, including his argument based on jury selection, could be viewed as warranting reconstruction proceedings, we find, as noted, that the extensive delay attributable to defendant renders such proceedings impracticable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK