People v Zeigler (2024 NY Slip Op 50754(U))

[*1]

People v Zeigler (Nalik)

2024 NY Slip Op 50754(U)

Decided on June 21, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570210/22

The People of the State of New York, Respondent,
against
Nalik Zeigler, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Angela J. Badamo, J., on first speedy trial motion; Marisol Martinez Alonso, J., on second and third speedy trial motions, plea and sentencing), rendered November 17, 2021, convicting him, upon his plea of guilty, of driving while impaired, and imposing sentence.

Per Curiam.
Appeal from judgment of conviction (Angela J. Badamo, J., on first speedy trial motion; Marisol Martinez Alonso, J., on second and third speedy trial motions, plea and sentencing), rendered November 17, 2021, held in abeyance, and the matter remanded to Criminal Court for further proceedings on defendant's second speedy trial motion.
The court properly denied defendant's first statutory speedy trial motion. Defendant did not meet his burden of demonstrating that the People's September 27, 2019 certificate of readiness, which is presumed truthful and accurate, was illusory (see People v Brown, 28 NY3d 392, 405 [2016]; People v Jimenez-Gomez, 198 AD3d 443, 444 [2021], lv denied 37 NY3d 1146 [2021]). The record shows that the People were not ready to proceed on September 24, 2019 and the Court adjourned the matter to October 31, 2019. In opposition to defendant's CPL 30.30 motion, the People explained that they were not ready on September 24th because they were waiting for the transcript of defendant's Department of Motor Vehicles [DMV] hearing, and that upon receipt of the DMV disc, which contained an audio recording of the hearing, they immediately served the disc on defendant and declared readiness on September 27, 2019. Having "establish[ed] a valid reason for their unreadiness in response to [] defendant's CPL 30.30 motion" (see People v Brown, 28 NY3d at 406), the court properly determined that only three days were chargeable to the People between September 24, 2019 and October 31, 2019.
With respect to defendant's third statutory speedy trial motion, the court correctly determined that the period between July 20, 2021 and August 23, 2021 was excludable under CPL 30.30(4)(g), which allows exceptional circumstances, such as the unavailability of a prosecution witness for medical reasons, to justify periods of delay not expressly covered by the statute (see People v Goodman, 41 NY2d 888 [1977]). Here, exceptional circumstances due to the arresting police officer's unavailability for medical reasons, i.e. a line of duty injury, were established, because defendant failed to refute the People's representations regarding such unavailability (see People v Allard, 28 NY3d 41, 46-47 [2016]; People v Alcequier, 15 AD3d [*2]162 [2005], lv denied 4 NY3d 851 [2005]). Contrary to defendant's claim, the People were not required to specify the nature of the injury, show that the witness was completely immobilized or totally incapacitated, or that they had made extraordinary efforts to secure his presence (see People v Martinez, 268 AD2d 354 [2000], lv denied 94 NY2d 922 [2000]). 
Defendant's appellate contention that 56 days were chargeable to the People between September 21, 2012 and November 16, 2021 is unpreserved, and we decline to review this claim in the interest of justice (see People v Jimenez-Gomez, 198 AD3d at 444).
With respect to defendant's second speedy trial motion, the People concede that the court improperly concluded that the January 17, 2020 certificate of compliance was valid because defendant had not demonstrated actual "prejudice" as a result of any failure to comply with discovery obligations (People v Bay, 41 NY3d 200, 214 [2023]). The key question in determining if a proper certificate of compliance has been filed is whether the prosecution has "exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery" (CPL 245.50[1]). We therefore remit for such determination. In this regard, we note that defendant's motion papers contained "specific assertions raising factual disputes" as to the validity of this certificate (People v Winston, 177 AD3d 524, 525 [2019], lv denied 34 NY3d 1164 [2020]), including that certain IAB and EMS records were still outstanding.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2024