People v McClain (2025 NY Slip Op 50763(U))

[*1]

People v McClain (Logan)

2025 NY Slip Op 50763(U) [85 Misc 3d 143(A)]

Decided on May 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 15, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570083/19

The People of the State of New
York, Respondent,

against

Logan McClain,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Steven J. Hornstein, J.), rendered November 15, 2018, after a jury trial,
convicting him of harassment in the second degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Steven J. Hornstein, J.), rendered November 15, 2018,
affirmed.

The verdict was based on legally sufficient evidence and was not against the weight
of the evidence. There is no basis for disturbing the jury's determination concerning
credibility (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's
intent to "harass, annoy or alarm" (Penal Law § 240.26) could be inferred from his
act of grabbing complainant's shirt, causing it to rip, then pushing him against a cubicle
and stating "I'm tired of you, little man" (see People v Mack, 76 AD3d 467, 468 [2010], lv
denied 15 NY3d 922 [2010]; People v Correa, 75 AD3d 478 [2010], lv denied 15
NY3d 892 [2010]).

The court properly denied defendant's speedy trial motion as untimely and not made
upon reasonable notice to the People (see CPL § 210.20 [1] [g], [2]; CPL
§ 210.45 [1]; People v Lawrence, 64 NY2d 200, 203-204 [1984]). The
motion was made on the same day the parties appeared in court for trial, where the court
addressed several preliminary issues, including Sandoval and Molineux
motions (see People v
Joaquin, 150 AD3d 618 [2017], lv denied 29 NY3d 1128 [2017]; see also People v Roper, 231
AD3d 491 [2024], lv granted 42 NY3d 1082 [2025]).

In any event, the motion was without merit, since it is based upon a purported
hearsay defect in the accusatory instrument. However, defendant waived any challenge to
the purported hearsay defect by not filing a written motion challenging the information
on this ground within 45 days of arraignment (see CPL §§ 170.30 [1]
[a], [2]; 255.20 [1]; see also People v Casey, 95 NY2d 354, 362—363
[2000]). Defendant could not avoid this procedural bar simply by placing his claim in a
speedy trial motion (see People
v Figueroa, 165 AD3d 509 [2018], lv denied 32 NY3d 1171
[2019]).

The court properly declined to give an adverse inference charge. The People turned
over all Rosario material to the defense, including the District Attorney Case
Summary. The possible existence of any additional notes taken by prosecutors during
interviews with the complaining [*2]witnesses was purely
speculative, and there was no indication that they contained Rosario material
(see People v Gonzalez, 217 AD2d 409, 410 [1995], lv denied 86 NY2d
842 [1995]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: May 15, 2025