People v Zeigler (2026 NY Slip Op 50232(U))

[*1]

People v Zeigler (Nalik)

2026 NY Slip Op 50232(U)

Decided on February 26, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 26, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570210/22

The People of the State of New York, Respondent, 
againstNalik Zeigler, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Angela J. Badamo, J., on first speedy trial motion; Marisol Martinez Alonso, J., on second and third speedy trial motions and at plea and sentencing; Michael E. Ryan, J., on speedy trial motion on remand), rendered November 17, 2021, convicting him, upon his plea of guilty, of driving while impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Angela J. Badamo, J., on first speedy trial motion; Marisol Martinez Alonso, J., on second and third speedy trial motions and at plea and sentencing; Michael E. Ryan, J., on speedy trial motion on remand), rendered November 17, 2021, reversed, the plea vacated, and the information dismissed.
In our prior decision (People v Zeigler, 83 Misc 3d 128[A], 2024 NY Slip Op 50754[U] [App Term, 1st Dept 2024]), we remanded the matter to Criminal Court for further proceedings on defendant's second speedy trial motion, which turned on the issue of whether the People's January 17, 2020 certificate of compliance [COC] was valid. On remand, the court found that the January 17, 2020 COC was valid, that the People had exercised due diligence and acted in good faith in their efforts to comply with their discovery obligations prior to January 17, 2020, and that the belated disclosure of some required automatic discovery material does not impact upon the propriety of the COC.
"[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (People v Bay, 41 NY3d 200, 211 [2023], quoting CPL 245.50 [1]). "[W]hile good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (People v Bay, 41 NY3d at 212). 
Upon review of the record, we agree with defendant that the remand court erred in denying his motion to invalidate the People's January 17, 2020 COC. It is undisputed, that at the time the People filed the COC at issue, they had not obtained several pieces of critical evidence, [*2]including the Internal Affairs Bureau [IAB] electronic recordings of interviews of the police officers who responded to the scene of defendant's October 2018 automobile accident (defendant is an NYPD officer arrested for DWI). These items are deemed to be in the constructive possession of the prosecution (see CPL 245.20 [2]), and had been since October 2020. The People were also aware as of April 2019, when CPL article 245 was passed, that the recorded IAB interviews were automatically discoverable under CPL 245.20 [1] [e].
Nor did the People demonstrate that they exercised due diligence and made reasonable efforts to obtain this material. At the time the COC was filed in January 2020, over 14 months had passed since the case was commenced, and the People made only vague assertions regarding their efforts to obtain the required items. Although the People indicated on February 26, 2020 that a subpoena was sent to IAB, they never produced the subpoena or any formal written request made to IAB, did not state when the subpoena was served, nor did they indicate if any follow-up efforts were made to obtain the missing recordings. Indeed, the court had to direct the People to further investigate the missing recordings, which were ultimately provided on or about March 24, 2020, well after the 90-day speedy trial clock expired.
Accordingly, we find that the People's statement of readiness was illusory and did not toll the speedy trial clock. Thus, defendant's speedy trial motion should have been granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: February 26, 2026